

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00274-CR

_____

KYLE EVAN ALLEN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR14342

Before Wallach, Birdwell, and Bassel, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Kyle Evan Allen appeals from the trial court's revocation of his deferred adjudication community supervision, adjudication of his guilt, and sentence of twenty-four months' confinement. We agree with Appellant's appointed appellate counsel that this appeal is meritless as to the revocation, conviction, and sentence. However, we modify the trial court's judgment and incorporated order to withdraw funds to delete an improperly assessed filing fee. We therefore affirm the trial court's judgment as modified.

Appellant pled guilty pursuant to a plea bargain to possession of less than one gram of a controlled substance (methamphetamine) in exchange for four years' deferred adjudication, a $1500 fine, $180 in restitution, 300 hours of community service, and substance-abuse treatment as determined by a presentence investigation. *See* Tex. Health & Safety Code Ann. §§ 481.102(6), .115(a), (b); Tex. Penal Code Ann. § 12.35(a). The trial court followed the bargain and placed Appellant on deferred adjudication for four years. Less than three weeks later, he tested positive for methamphetamine, and his community supervision officer recommended that as additional conditions of community supervision, Appellant serve eight days in jail and complete the TAIP[1] Substance Abuse Program, an outpatient program. Appellant agreed to the trial court's order amending his conditions of community supervision in

---

[1]Treatment Alternative to Incarceration Program.

2

accordance with the officer's recommendations. The order specified that Appellant's eight days in jail would be served on weekends from 8:00 p.m. Friday through 8:00 a.m. Monday, beginning Friday, March 22, 2019 and continuing each consecutive weekend until all eight days were served.

On March 29, 2019, the State filed a motion to proceed with an adjudication of Appellant's guilt, alleging that he violated his conditions of community supervision by not reporting to his community supervision officer and by failing to begin his eight days in jail on or about March 22, 2019. After a hearing, the trial court found the allegations true, revoked Appellant's community supervision, adjudicated his guilt, and sentenced him to twenty-four months' confinement, awarding him 205 days' credit for time served.

Appellant's appointed appellate counsel has filed a motion to withdraw and a brief complying with *Anders v. California*, representing that there is nothing in the record that might arguably support this appeal. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). Appellant had the opportunity to file a pro se response to the *Anders* brief but did not do so, nor did the State file a brief.

After an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). We have carefully reviewed the record and counsel's brief.

After reviewing the itemized bill of costs and comparing it to the costs assessed when Appellant was first placed on deferred adjudication community supervision, we conclude that one amount must be deleted from the total amount charged as court costs in the judgment before us. The district clerk charged Appellant a $15 "Motion to Proceed/Revoke Fee." However, we find no statutory authority for this charge. *See Eubank v. State*, No. 02-18-00351-CR, 2019 WL 2635564, at *2 (Tex. App.—Fort Worth June 27, 2019, no pet.) (mem. op., not designated for publication); *Thomas v. State*, No. 02-18-00337-CR, 2019 WL 166001, at *2 (Tex. App.—Jan. 10, 2019, no pet.) (per curiam) (mem. op., not designated for publication). We therefore modify the trial court's judgment and incorporated order to withdraw funds to delete the $15 filing fee. *See Thomas*, 2019 WL 166001, at *2.

Except for this improperly imposed fee, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record before us that arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App.

4

2006). We therefore grant counsel's motion to withdraw and affirm as modified the trial court's judgment and incorporated order to withdraw funds. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 30, 2020